I HEREBY CERTIFY THAT THIS DOCUMENT WAS SERVED BY FIRST CLASS MAIL, POSTAGE PREPAID, TO PETITIONER AT HIS RESPECTIVE MOST RECENT ADDRESS OF RECORD IN THIS ACTION ON THIS DATE.

DATED: August 19, 2014

*J. Gomez* DEPUTY CLERK

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

WESTERN DIVISION

| | |
|---|---|
| RODOLFO GUZMAN, JR., <br><br>　　　　Petitioner, <br><br>　　v. <br><br>AMY MILLER, Warden, <br><br>　　　　Respondent. <br>_____ | Case No. CV 14-06192 GHK (AN) <br><br>**ORDER TO SHOW CAUSE RE DISMISSAL OF PETITION FOR WRIT OF HABEAS CORPUS BY A PERSON IN STATE CUSTODY AS TIME-BARRED** |

## I. BACKGROUND

Before the Court is a petition for writ of habeas corpus by a person in state custody pursuant to 28 U.S.C. § 2254 ("Petition") brought by Rodolfo Guzman, Jr. ("Petitioner"), a state prisoner proceeding *pro se*. The Petition raises two claims challenging Petitioner's April 28, 2011 conviction of carjacking, vehicle theft, three counts of false imprisonment by force, criminal threats, and three counts of assault with a firearm, as well as firearm and prior conviction enhancement findings, following a jury trial in the California Superior Court for Riverside County (case no. RIF10001986). Petitioner was sentenced to thirty years in state prison.

///

1  For the reasons set forth below, Petitioner is ordered to show cause why his
2  Petition should not be dismissed with prejudice because it is time-barred.

## II. DISCUSSION

**A.  Standard of Review**

Rule 4 of the Rules Governing Section 2254 Cases in the United States District Courts ("Habeas Rules"), 28 U.S.C. foll. § 2254, requires a judge to "promptly examine" a habeas petition and "[i]f it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court, the judge must dismiss the petition and direct the clerk to notify the petitioner." Local Rule 72-3.2 of this Court also provides "[t]he Magistrate Judge promptly shall examine a petition for writ of habeas corpus, and if it plainly appears from the face of the petition and any exhibits annexed to it that the petitioner is not entitled to relief, the Magistrate Judge may prepare a proposed order for summary dismissal and submit it and a proposed judgment to the District Judge." C.D. Cal. R. 72-3.2. Further, an untimely habeas petition may be dismissed *sua sponte* if the court gives the petitioner adequate notice and an opportunity to respond. *Day v. McDonough*, 547 U.S. 198, 209-10, 126 S. Ct. 1675 (2006); *Herbst v. Cook*, 260 F.3d 1039, 1043 (9th Cir. 2001).

**B.  Statute of Limitations**

The Petition is governed by the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), which establishes a one-year statute of limitations for state prisoners to file a federal habeas petition. 28 U.S.C. § 2244(d)(1). In most cases, the limitations period is triggered by "the date on which the judgment became final by conclusion of direct review or the expiration of the time for seeking such review." 28 U.S.C. § 2244(d)(1)(A).

///
///
///
///

The Petition and Petitioner's relevant state court records[1] establish the following facts. Petitioner was sentenced for the above offenses on June 10, 2011. On October 17, 2012, the California Court of Appeal affirmed the judgment (case no. E053843). The California Supreme Court then denied review of the court of appeal's decision on January 3, 2013 (case no. S206791). Petitioner does not allege, and it does not appear, that he filed a petition for certiorari in the United States Supreme Court. (Pet. at 2; state court records; *see also* Supreme Court Docket, available on the Internet at http://www.supremecourt.gov/docket.)

Therefore, for purposes of AEDPA's limitations period, Petitioner's judgment became final on April 3, 2013, the ninetieth day after the state high court denied his petition for review and the last day for him to file a petition for certiorari with the Supreme Court. *Bowen v. Roe*, 188 F.3d 1157, 1159 (9th Cir. 1999). The statute of limitations then started to run the next day, on April 4, 2013, and ended on April 4, 2014. 28 U.S.C. § 2244(d)(1)(A); *see also Patterson v. Stewart*, 251 F.3d 1243, 1245-47 (9th Cir. 2001) (the limitations period begins to run on the day after the triggering event under Fed. R. Civ. P. 6(a)). Petitioner did not constructively file his pending Petition until August 1, 2014 -- 119 days after the expiration of the limitations period.[2]

---

[1] The Court takes judicial notice of Internet records relating to this action in the Riverside Superior Court (available at http://public-access.riverside.courts.ca.gov), and in the state appellate courts (available at http://appellatecases.courtinfo.ca.gov) ("state court records"). *See Smith v. Duncan*, 297 F.3d 809, 815 (9th Cir. 2002) (federal courts may take judicial notice of related state court documents), *overruled on other grounds as recognized in Cross v. Sisto*, 676 F.3d 1172 (9th Cir. 2012).

[2] Pursuant to the "mailbox rule," a *pro se* prisoner's federal habeas petition is deemed to be filed on the date the prisoner delivers the petition to prison authorities for mailing to the clerk. *Houston v. Lack*, 487 U.S. 266, 270-71, 108 S. Ct. 2379 (1988); *Huizar v. Carey*, 273 F.3d 1220, 1222 (9th Cir. 2001); *see also* Habeas Rule 3(d). For purposes of the timeliness analysis, and absent any evidence to the contrary, the Court finds Petitioner constructively filed the Petition by delivering it to the prison
(continued...)

Accordingly, absent some basis for tolling or an alternative start date to the limitations period under 28 U.S.C. §§ 2244(d)(1)(B)-(D), the pending Petition is time-barred.

**C.   Statutory Tolling**

AEDPA includes a statutory tolling provision that suspends the limitations period for the time during which a "properly-filed" application for post-conviction or other collateral review is "pending" in state court. 28 U.S.C. § 2244(d)(2); *Waldrip v. Hall*, 548 F.3d 729, 734 (9th Cir. 2008); *Bonner v. Carey*, 425 F.3d 1145, 1148 (9th Cir. 2005). An application is "pending" until it has achieved final resolution through the state's post-conviction procedures. *Carey v. Saffold*, 536 U.S. 214, 220, 122 S. Ct. 2134 (2002). Petitioner has not alleged, and his state court records do not reflect, that he has filed any state habeas petitions challenging the relevant conviction or sentence. (Pet. at 3.) He is, therefore, not entitled to any statutory tolling.

**D.   Alternative Start of the Statute of Limitations**

**1.   State-Created Impediment**

In rare instances, AEDPA's one-year limitations period can run from "the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action." 28 U.S.C. § 2244(d)(1)(B). Asserting that the statute of limitations was delayed by a state-created impediment requires establishing a due process violation. *Lott v. Mueller*, 304 F.3d 918, 925 (9th Cir. 2002). The Petition does not set forth any facts for an alternate start date of the limitations period under this provision.

///

///

---

[2]/   (...continued)
mail system on August 1, 2014, which is the date that was handwritten by a prison official on the back of the envelope containing the Petition.

Page 4

### 2. Newly Recognized Constitutional Right

AEDPA provides that, if a claim is based upon a constitutional right that is newly recognized and applied retroactively to habeas cases by the United States Supreme Court, the one-year limitations period begins to run on the date which the new right was initially recognized by the Supreme Court. 28 U.S.C. § 2244(d)(1)(C). The Petition does not set forth any facts for an alternate start date of the limitations period under this provision.

### 3. Discovery of Factual Predicate

AEDPA also provides that, in certain cases, its one-year limitations period shall run from "the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence." 28 U.S.C. § 2244(d)(1)(D); *Ford v. Gonzalez*, 683 F.3d 1230, 1235 (9th Cir. 2012). In two prefatory pages to his Petition, Petitioner argues that he is entitled to equitable tolling. That argument is addressed in section E, below. However, in the body of his equitable tolling argument, Petitioner makes the perfunctory assertion that "the factual predicate for the claim could not have been discovered through the exercise of due diligence." The Court disagrees.

"Section 2244(d)(1)(D) provides a petitioner with a later accrual date than section 2244(d)(1)(A) only if vital facts could not have been known by the date the appellate process ended." *Ford*, 683 F.3d at 1235 (internal quotation marks and citations omitted). Notably, the statute of limitations begins to run under § 2244(d)(1)(D) only when the factual predicate of a claim <u>could have</u> been discovered through the exercise of due diligence, but "not when it actually was discovered." *Id.* Moreover, the "due diligence" clock starts ticking when a person knows or through diligence could discover the vital facts, regardless of when their legal significance is actually discovered. *Id.*

Petitioner has failed to identify which of his claims he supposedly discovered late, but both claims are based upon alleged trial errors: insufficient evidence and

Page 5

instructional error. (Pet. at 5-6) Similarly, although not properly raised as a separate claim, Petitioner makes allegations against his trial attorney that are based upon acts and omissions that occurred on the record during trial *in Petitioner's presence*. In other words, all of the pertinent facts Petitioner could possibly be purporting to have belatedly discovered were available to Petitioner before the end of his trial, and were discoverable through the exercise of due diligence. *Ford*, 683 F.3d at 1235. Consequently, the face of the Petition establishes Petitioner is not entitled to an alternate start date of the limitations period under § 2244(d)(1)(D).

**E.    Equitable Tolling**

AEDPA's limitations period "is subject to equitable tolling in appropriate cases." *Holland v. Florida*, 560 U.S. 631, 645, 130 S. Ct. 2549 (2010). Specifically, "a litigant seeking equitable tolling bears the burden of establishing two elements: (1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way." *Pace v. DiGuglielmo*, 544 U.S. 408, 418, 125 S. Ct. 1807 (2005); *Lawrence v. Florida*, 549 U.S. 327, 336, 127 S. Ct. 1079 (2007).

However, "[e]quitable tolling is justified in few cases" and "the threshold necessary to trigger equitable tolling [under AEDPA] is very high, lest the exceptions swallow the rule." *Spitsyn v. Moore*, 345 F.3d 796, 799 (9th Cir. 2003) (*quoting Miranda v. Castro*, 292 F.3d 1063, 1066 (9th Cir. 2002)). Additionally, although "we do not require [the petitioner] to carry a burden of persuasion at this stage in order to merit further investigation into the merits of his argument for [equitable] tolling," *Laws v. Lamarque*, 351 F.3d 919, 924 (9th Cir. 2003), "[w]here the record is amply developed, and where it indicates that the [alleged extraordinary circumstance did not] cause the untimely filing of his habeas petition, a district court is not obligated to hold evidentiary hearings to further develop the factual record, notwithstanding a petitioner's allegations . . . ." *Roberts v. Marshall*, 627 F.3d 768, 773 (9th Cir. 2010); *see also Elmore v. Brown*, 378 Fed. Appx. 664, 666 (9th Cir. 2010) ("[W]here the record is sufficient to permit the district court - and us on appeal - to evaluate the

1 strength of the petitioner's [equitable tolling] claim, the district court does not
2 necessarily abuse its discretion if it denies the petitioner a hearing.") (cited pursuant
3 to 9th Cir. R. 36-3).

4 In two prefatory pages to his Petition, Petitioner argues he is entitled to equitable
5 tolling because he is currently unrepresented by counsel, and his appellate counsel
6 failed to "articulate what Petitioner Guzman should have done to be most diligent," and
7 "failed to notify Petitioner Guzman of any time out dates and/or any dead[]line dates,
8 . . ." Even assuming the truth of Petitioner's assertions, these facts do not entitle him
9 to equitable tolling.

10 "Equitable tolling may be warranted in instances of unprofessional attorney
11 behavior; however, the AEDPA deadline will not be tolled for a garden variety claim
12 of excusable attorney neglect or mistake." *Doe v. Busby*, 661 F.3d 1001, 1011-12 (9th
13 Cir. 2011). Notably, to illustrate a "garden variety" claim of excusable neglect or
14 mistake, the *Doe* Court cited the facts of *Frye v. Hickman*, 273 F.3d 1144 (9th Cir.
15 2001). *Doe*, 661 F.3d at 1012. In *Frye*, the petitioner hired an attorney to file his
16 federal habeas petition, and the attorney "negligently" failed to do so on time because
17 counsel miscalculated the statute of limitations deadline. *Frye*, 273 F.3d at 1145-46.
18 The court concluded that "the miscalculation of the limitations period by Frye's
19 counsel and his negligence in general do not constitute extraordinary circumstances
20 sufficient to warrant equitable tolling." *Id.* at 1146. Here, Petitioner does not allege that
21 he hired his appellate counsel to file his federal habeas petition, or even that his
22 counsel committed any error in representing him on appeal. Instead, he appears to be
23 merely claiming his appellate counsel failed to advise him of the deadline for filing a
24 federal habeas petition -- a proceeding in which counsel was not representing him.
25 However, since Petitioner has no right to counsel in these proceedings, and nothing
26 prevented him from exercising due diligence to ascertain the AEDPA deadline on his
27 own, these circumstances to not warrant equitable tolling. *See Miranda*, 292 F.3d at
28 1067-68 (9th Cir. 2002) ("[B]ecause [the petitioner] had no right to the assistance of

1 his appointed appellate counsel regarding post-conviction relief, it follows that he did not have the right to that attorney's 'effective' assistance, either.").

The face of the Petition establishes Petitioner is not entitled to equitable tolling.

**F.   Alleged "Cause and Prejudice"**

Lastly, in Petitioner's two prefatory pages to the Petition, he also makes a passing reference to "cause and prejudice" and invites the Court to review attached transcripts, which ostensibly show his trial counsel's conduct was so deficient he is entitled to relief, and that "no reasonable fact finder would have found [him] guilty of the underlying offense." While AEDPA's statute of limitations has no "cause and prejudice" exception, under *Schlup v. Delo*, 513 U.S. 298, 115 S. Ct. 851 (1995), "a credible claim of actual innocence constitutes an equitable exception to AEDPA's limitations period, and a petitioner who makes such a showing may pass through the *Schlup* gateway and have his otherwise time-barred claims heard on the merits." *Lee v. Lampert*, 653 F.3d 929, 932 (9th Cir. 2011). However, "[i]n order to present otherwise time-barred claims to a federal habeas court under *Schlup*, a petitioner must produce sufficient proof of his actual innocence to bring him within the narrow class of cases . . . implicating a fundamental miscarriage of justice." *Id.* at 937 (internal quotation marks and citations omitted). While a petitioner is not required to proffer evidence creating an "absolute certainty" about his innocence, the *Schlup* gateway is an "exacting standard" that permits review only in the "extraordinary case." *Id.* at 938; *see also House v. Bell*, 547 U.S. 518, 538, 126 S. Ct. 2064 (2006). Specifically, Petitioner must show "that it is more likely than not that no reasonable juror would have convicted him in the light of the new evidence." *Lee*, 653 F.3d at 938; *Schlup*, 513 U.S. at 327. The evidence of innocence must be "so strong that a court cannot have confidence in the outcome of the trial unless the court is also satisfied that the trial was free of nonharmless constitutional error." *Lee*, 653 F.3d at 938-39; *Schlup*, 513 U.S. at 316. Further, Petitioner must support his allegations "with new reliable evidence - whether it be exculpatory scientific evidence, trustworthy eyewitness accounts, or

1  critical physical evidence - that was not presented at trial." *Schlup*, 513 U.S. at 324.

2      To the extent Petitioner intends to assert actual innocence, he falls grossly short. First, as stated above, "actual innocence claims focus on 'new' evidence - *i.e.*, 'relevant evidence that was either excluded or unavailable at trial.'" *Chestang v. Sisto*, 522 Fed. Appx. 389, 391 (9th Cir. 2013) (cited pursuant to 9th Cir. R. 36-3) (*quoting Schlup*, 513 U.S. at 327-28). Petitioner has not proffered a scintilla of new evidence; on the contrary, he relies on trial transcripts, so the "evidence" of his attorney's alleged negligence is certainly not new. Second, even if the transcripts he proffers somehow constituted new evidence, they do not point to his innocence. Consequently, "[a]ssessing 'how reasonable [factfinders] would react to the overall, newly supplemented record,'" it is simply not possible that "every juror would have reasonable doubt that [Petitioner] was guilty." *Id.* (*quoting Lee*, 653 F.3d at 929).

    The face of the Petition establishes Petitioner has not presented a credible claim of actual innocence such that he "may pass through the *Schlup* gateway and have his otherwise time-barred claims heard on the merits." *Lee*, 653 F.3d at 932.

## O R D E R

    Based on the foregoing, the Court finds this action is untimely. Accordingly, Petitioner shall have until **September 4, 2014**, to file a written response and show cause why his Petition should not be dismissed with prejudice because it is time-barred. In responding to this Order, Petitioner must show by declaration and any properly authenticated exhibits what, if any, factual or legal basis he has for claiming that the Court's foregoing analysis is incorrect.

**Petitioner is warned that if a timely response to this Order is not made, Petitioner will waive his right to respond and the Court will, without further notice, issue an order dismissing the Petition, with prejudice, as time-barred.**

///

///

**Further, if Petitioner determines the Court's analysis is correct and the**

1 **Petition is time-barred, he should consider filing a Request For Voluntary**
2 **Dismissal of this action pursuant to Fed. R. Civ. P. 41(a)(1) in lieu of a response.**

4       IT IS SO ORDERED.

7 DATED: August 14, 2014

                                    _____
                                         ARTHUR NAKAZATO
                                    UNITED STATES MAGISTRATE JUDGE